**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Carlo Ciccone, ) | CASE NO. 1:09-cv-00446 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| MemberHealth, LLC, ) | |
| ) | |
| Defendant. ) | REPORT and RECOMMENDATION |

This case is before the undersigned Magistrate Judge on referral from the District Court Judge for a report and recommendation on defendant MemberHealth, LLC's ("MemberHealth") Motion to Dismiss. (Doc. # 4). For the reasons stated below, defendant's Motion to Dismiss should be GRANTED as to Count III of plaintiff's amended complaint; and the remainder of plaintiff's claims should be REMANDED to Cuyahoga County, Ohio Common Pleas Court.[1]

---

[1] Counts I and II of plaintiff's amended complaint allege state claims for fraud and negligent misrepresentation, respectively. Count III, which provides the basis for federal jurisdiction, alleges a violation of the Employee Retirement Income Security Act, 29 U.S.C. § § 1001, *et seq.* ("ERISA").

### I. Factual and Procedural Background[2]

On March 1, 2006, plaintiff, Carlo A. Ciccone ("Ciccone") began working for defendant's predecessor, MemberHealth, Inc. Amended Complaint ("Complaint") ¶ 3. Before plaintiff was hired, he spoke with defendant's outside recruiter regarding possible employment. During these conversations plaintiff was led to believe that if defendant's predecessor became a public company, ("the transaction") plaintiff would be considered for benefits inuring from the transaction. Complaint ¶ 4. On December 22, 2005, plaintiff spoke with David Azzolina, ("Azzolina") defendant's chief financial officer. Azzolina described a benefits plan, but told plaintiff that it was available only to employees hired before 2006. Complaint ¶ 5. After subsequent conversations with defendant's outside recruiter, plaintiff was led to believe:

> "that a benefit related to a transaction would be realized, but was never told that such negotiations were to be had prior to the time of hiring or else Plaintiff would be barred from participating in such benefits."

Complaint ¶ 6.

On or about June 2007, plaintiff became aware that the benefit plan he discussed with Azzolina on December 22, 2006, was the only reward plan. He also became aware that three employees hired after he was hired were participants in the plan. Complaint ¶ 7. Plaintiff alleges that he was harmed financially as a result of the foregoing. Complaint ¶ 9.

---

[2]The facts recite the allegations in the amended complaint. The Court treats the facts in the light most favorable to the plaintiff. The Court makes no factual findings in this Report and Recommendation.

On January 27, 2009, plaintiff filed an amended complaint in the Cuyahoga County, Ohio Common Pleas Court alleging fraud, negligent misrepresentation and a violation of ERISA.[3]  On February 26, 2009, defendant removed plaintiff's action to this Court based on the federal question raised by plaintiff's ERISA claim.  (Doc. #1).  This Court has supplemental jurisdiction over plaintiff's state claims pursuant to 28 U.S.C. § 1367.

On March 3, 2009, defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. # 4). Defendant claims, among other things, that: (1) Count I of plaintiff's Complaint fails to state a claim for fraud because the alleged omission relates to future events; (2) Count II fails to state a claim because Ohio does not recognize the tort of negligent misrepresentation in the employment hiring process; and (3) Count III fails to state a claim under ERISA because plaintiff was not a plan participant, nor did he plead exhaustion of administrative remedies.

Because federal jurisdiction is predicated on plaintiff's ERISA claim, the Court will address only this claim The state court is well suited to address plaintiff's remaining claims, which deal exclusively with issues of state law.  It is best to leave these issues to the state court as, for example, it is in a better position to determine whether to grant plaintiff leave to amend his state claims.

On April 9, 2009, plaintiff filed a Motion to Deny Defendant's Motion to Dismiss ("Motion to Deny") (Doc. # 6)[4]; to which Defendant replied on April 17, 2009.  (Doc. # 9).

---

[3]Prior to filing his amended complaint, plaintiff filed a pre-litigation discovery complaint.  Defendant moved to dismiss plaintiff's complaint, and in response, plaintiff filed his amended complaint. Notice of Removal (Doc. # 1).

[4] This would have been more appropriately captioned as a response to the motion to dismiss.

## II. Standard

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and construed most favorably toward the non-movant. *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III. Analysis

### A. Plaintiff's ERISA Claim

### *1. Plaintiff Is Not A Participant In, Or Beneficiary Of, The ERISA Plan*

Plaintiff is apparently attempting to state a claim under Section 510 of ERISA,.[5] codified as 29 U.S.C. § 1140, which provides:

> [i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline or discriminate against a participant or a beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

---

[5]Defendant asserts in its Motion to Dismiss that plaintiff is attempting to state a claim under this section. Plaintiff does not dispute this assertion.

To state a claim under Section 510 of ERISA, plaintiff must establish that he is a participant in, or beneficiary of, the plan. See *Michigan Affiliated Healthcare Systems, Inc. v. CC Systems Corp. Of Michigan*, 139 F.3d 546, 550 (6th Cir. 1998) (claims by anyone other than a participant or beneficiary fall outside the scope of ERISA'S civil enforcement and must be remanded to state court); *Zuniga v. Blue Cross and Blue Shield of Michigan*, 52 F. 3d 1395, 1399 (6th Cir. 1995) (claim seeking recovery of benefits not covered where plaintiff not plan participant or beneficiary); *Duerr v. Delco Products,* 1990 WL 121471 (6th Cir.) (plaintiff has no potential remedy under ERISA because his is not a participant)

Plaintiff does not allege that he is a beneficiary of, or participant in, defendant's ERISA plan. Rather, plaintiff cites *Mt. Carmel Medical Center v. Auddino*, 53 Ohio App. 3d 62, 558 N.E. 2d 74 (10th Dist. 1988) to support his claim that he is entitled to present evidence, "showing exactly how the [plan] relates to the ERISA statute." (Motion to Deny p. 6) Plaintiff's reliance on *Mt. Carmel* is misplaced. In *Mt. Carmel,* the court held that an employee who is eligible to participate in an ERISA plan is considered a participant for the purpose of determining who may bring a civil enforcement action under ERISA. It did not hold that a nonparticipant may bring a civil enforcement case.

In this case, plaintiff has neither alleged that he is a participant nor an eligible employee. Indeed, the entire premise of plaintiff's claim is that he was told he was not eligible to participate in the plan, while others employees apparently negotiated their eligibility. Accordingly, because plaintiff has not alleged that he is a beneficiary, a participant, or an eligible employee, he has failed to state a claim under Section 510 of

-5-

ERISA.

### 2. Plaintiff Has Failed To Exhaust His Administrative Remedies

Assuming, *arguendo,* that plaintiff was a beneficiary, plan participant, or eligible employee, his ERISA claim would still fail.  A plaintiff seeking relief under Section 510 must allege that he has exhausted his administrative remedies.  Plaintiff has not alleged that he has exhausted his administrative remedies.

It is well established in the Sixth Circuit that although ERISA itself does not contain an exhaustion requirement, " '[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit.' " *Weiner v. Klais & Co.*, 108 F.3d 86, 90 (6th Cir.1997), quoting *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir.1991)  The Sixth Circuit has plainly held that courts shall dismiss a claim under § 510 if the plaintiff fails to plead that he exhausted his administrative remedies.  See *Coomer v. Bethesda Hosp., Inc*. 370 F. 3d 499, 504 (6th Cir. 2004) As Plaintiff has not alleged exhaustion in either his complaint or his Motion to Deny, he has failed to state a claim under Section 510.

### 3. Plaintiff Cannot State A Claim Under Section 510 Based on Eligibility Amendments

Although not entirely clear, it appears plaintiff may be alleging that defendant discriminated against him by amending the plan to allow employees hired after he was hired to participate in the plan.  If this is plaintiff's claim, he has failed to state a claim under Section 510.  See *Coomer v. Bethesda Hospital, Inc* 370 F. 3d 499, 510 (6th Cir. 2004) ("A plan sponsor's amendment of a plan to benefit one individual and its refusal

to amend the plan to benefit another individual are not the kinds of discrimination prohibited by § 510") Moreover, even if such a claim were cognizable, plaintiff's claim would be precluded because he has failed to allege that he is a plan participant, or that he has exhausted his administrative remedies.[6]

### B.  Plaintiff's Remaining Claims Should Be Remanded to State Court

Counts I and II of plaintiff's Complaint allege fraud and negligent misrepresentation, which are state law claims.  Jurisdiction in this case is based solely on the existence of a federal question, and this Court has jurisdiction over state law claims only insofar as they are pendent to the federal claim.  Federal courts have the power to exercise pendent jurisdiction where the state and federal claims derive from a common nucleus of facts such that plaintiff would ordinarily be expected to try them all in one judicial proceeding, and when the federal claim has sufficient substance to confer subject matter jurisdiction.  28 U.S.C. § 1367; *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  Since plaintiff's federal claim should be dismissed, and plaintiff's remaining claims involve issues of state law only, there is no independent basis of federal jurisdiction, and it is appropriate for this Court to remand the case to the Cuyahoga County, Ohio Common Pleas Court.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

---

[6]Defendant argues plaintiff's complaint should be dismissed on two additional grounds, *i.e.* plaintiff has not alleged specific intent to violate ERISA, and plaintiff is seeking monetary damages, not permitted by ERISA. As neither of these grounds has been extensively briefed, and there are other sufficient grounds to dismiss plaintiff's complaint, the Court declines to address these arguments.

IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss should be GRANTED as to Count III of plaintiff's Amended Complaint; and plaintiff's remaining claims should be REMANDED to the Cuyahoga County, Ohio Common Pleas Court.

                                                s/*Nancy A. Vecchiarelli*
                                                Nancy A. Vecchiarelli
                                                U.S. Magistrate Judge

Date: May 5, 2009

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**. *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied,* **474 U.S. 1111 (1986)**.